UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
Hotel and Gaming Trades Council, AFL-CIO      :
:
Petitioner,    :
:          25-cv-4983 (LJL)
-v-                                :
:          MEMORANDUM &
Key Hotels, LLC,                              :             ORDER
:
Respondent.    :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Petitioner Hotel and Gaming Trades Council, AFL-CIO ("Union") moves to confirm an arbitral award entered by the parties' contractual industry arbitrator against Respondent Key Hotels LLC d/b/a Hotel 46 ("Key Hotels" or "Respondent"). *See* Dkt. No. 1 ("Petition").

## BACKGROUND

The following facts are undisputed and are taken from the petition.

Key Hotels is the owner of Hotel 46 (the "Hotel"), located at 129 West 46th Street, New York, New York 10036. Petition ¶ 5. As the Hotel's owner, Key Hotels entered into a labor agreement with the Union. *Id*. ¶¶ 9–10. In particular, Key Hotels signed an assumption agreement in 2019 and 2023 to bind itself to the terms of the Industry Wide Agreement ("IWA"), a collective bargaining agreement negotiated by the Union and an employer bargaining group under the Hotel Association of New York City, Inc. ("HANYC"). *Id*. ¶¶ 7, 9–10. LuxUrban Re Holdings LLC ("LuxUrban"), the lessee of the Hotel, also signed the 2023 assumption agreement. *Id*. ¶ 10. Both entities expressly agreed to bind themselves to all terms of the IWA. *Id*. Article 26 of the IWA provides for the submission of disputes to final, binding decisions by the Impartial Chairperson ("IC"). *Id*. ¶ 8.

On July 10, 2024, the Union demanded arbitration against Key Hotels and LuxUrban regarding LuxUrban's (i) failure to post a bond as ordered by the industry arbitrator in a prior arbitration against LuxUrban, (ii) failure to make contributions to the Fund, and (iii) contractual and statutory violations. *Id.* ¶ 11. On April 8, 2025, a hearing was scheduled for May 13, 2025. *Id.* ¶ 12. The Hearing Notice advised Key Hotels that the hearing would concern the liability of Key Hotels, as owner of the Hotel, for LuxUrban's failure "to pay contributions to the New York Hotel Trades Council and Hotel Association of New York City, Inc. Health Benefit Fund, Pension Fund, Legal Fund, Industry Training Fund, and Scholarship Fund for the various periods of time commencing July, 2024 and through February, 2025 ad [sic] continuing in violation of Articles 33, 35, 36, 37, and Schedule B of the IWA, and the Union's demand that [Key Hotels] post a bond pursuant to IWA Article 46." *Id.* ¶ 12. Key Hotels failed to appear at the hearing and the IC took evidence from the Union. *Id.* ¶¶ 12–13.

At the hearing, the Union asserted the following issues: (i) that LuxUrban had failed to fully pay wages by the date and time required by practice for the week ending April 18, 2025, and owed $10,981.80; (ii) that LuxUrban had failed to pay $497,927.09 to the Funds; and (iii) that LuxUrban had failed to post a bond in the amount of $355,098.90 for the Hotel in compliance with a prior arbitration award. *Id.* ¶¶ 14–16. The Union submitted evidence of two prior awards issued against LuxUrban. In October 2023, at an emergency hearing, the IC had issued an Award granting the Union certain relief against LuxUrban for LuxUrban's failure to timely and correctly pay wages ("Award #2023-118"). Dkt. No. 1-7, at 3.[1] In February 2024, the Union had further obtained an Award that determined LuxUrban to be in violation of the prior Award #2023-118, ordering LuxUrban to pay all outstanding weekly wages with a penalty

---

[1] Citation uses ECF pagination.

of 115% and to post a bond in the amount of $335,098.90 for the Hotel ("Award #2024-12"). *Id.* at 4.

Based on such evidence, the IC determined that Key Hotels was in violation of the IWA and Award #2024-12. Petition ¶ 17. Following the hearing on May 21, 2025, the IC issued Award #2025-53 and directed Key Hotels to: (1) post a bond of $355,367.10 with the Office of the Impartial Chairperson; (2) pay $10,981.10 to Hotel employees which includes a 115% penalty; and (3) pay $497,927.09 to the Funds, representing unpaid principal, liquidated damages, accrued interest, late fees, arbitration fees, and attorney's fees for the period from July 1, 2024 through April 30, 2025. *Id.* ¶ 17; Dkt. No. 1-1. The Award included attorney's fees and arbitration fees, according to Section 8(B) in the IWA's Supplemental Agreement titled "Employee Benefit Funds." Dkt. No. 1-2 at 92–93 ("Any EMPLOYER against whom legal or arbitration proceedings are instituted shall be required to pay…attorneys' fees and costs.").

To this date, Respondent has not complied with the #2025-53 2024 Award.

## PROCEDURAL HISTORY

Petitioner filed this Petition on June 12, 2025. Dkt. No. 1. It filed a memorandum of law in support of the Petition the next day. Dkt. No. 5. On August 6, 2025, Petitioner filed an Affidavit of Service, attesting that service of the Petitioner's request for clerk's certificate of default and related documents had been made on Key Hotels on August 5, 2025 by regular and certified mail on Key Hotels at its principal place of business. Dkt. No. 9-2. That same day, the Clerk of Court issued a Certificate of Default. Dkt. No. 8.

On August 15, 2025, Petitioner submitted a letter to the Court requesting that the Petition be reviewed as unopposed motion to confirm the Award. Dkt. No. 11. The Court ordered any opposition to the Court treating the petition as an unopposed motion for summary judgment to be filed no later than August 25, 2025. Dkt. No. 12. Petitioner filed an Affidavit of Service

3

attesting that a copy of the Memo Endorsement of their request to treat the Petition as an unopposed motion for summary judgment had been served on Key Hotels.  Dkt. No. 13.  Despite being served, Respondent has not responded to the Petition.

## DISCUSSION

I.     **Confirmation of the Award**

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).  The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted).  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* (emphasis omitted).

The burden on the petitioner seeking to confirm a labor arbitral award is not onerous.  The court's review of "a labor arbitration award is 'narrowly circumscribed and highly deferential.'"  *ABM Indus. Groups, LLC v. Int'l Union of Operating Eng'rs, Loc. 30, 30A, 30B, AFL-CIO*, 968 F.3d 158, 161 (2d Cir. 2020) (*quoting Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016)); *see Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) ("Judicial review of a labor-arbitration decision pursuant to such a[] [collective-bargaining] agreement is very limited.").  "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League*

4

*Baseball Players*, 532 U.S. at 509 (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)).  The court inquires "only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement."  *ABM Industry Grps, LLC*, 968 F.3d at 161 (quoting *Nat'l Football League*, 820 F.3d at 536); *see Riverbay Corp. v. Serv. Emps. Int'l Union, Loc. 32BJ*, 2023 WL 3738984, at *4 (S.D.N.Y. May 31, 2023).

The Court has examined the Petition and the supporting materials and treats them as an unopposed motion for summary judgment.  The Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  *See Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards.").

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred [and] a substantial part of property that is the subject of the action is situated" in this District.  Moreover, the award was made in this District.  Petition ¶ 3.  *See D.H. Blair*, 462 F.3d at 105 ("[T]he FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute").  The Court has personal jurisdiction over Respondent, which has its principal place of business and office in New York.  Petition ¶ 5; *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Bldg. Maint. Corp.*, 2020 WL 1529455, at *1 (S.D.N.Y. Mar. 31, 2020) ("Personal jurisdiction is properly alleged against Respondent, a business corporation incorporated under the laws of the State of New York, with its principal place of business in New York.").

Based on a review of the materials submitted by Petitioner and the applicable law, the

Court concludes that "there is no genuine dispute as to any material fact" and that Petitioner is entitled to confirmation of the Award. Fed. R. Civ. P. 56(a). Respondent was a party to a collective bargaining agreement and the arbitrator acted within the scope of his responsibility under the collective bargaining agreement. *See, e.g.*, *Trs. of the Dist. Council No. 9 Painting Indus. Ins. Fund v. Adel Fia Contracting Corp.*, 2022 WL 1720459, at *2 (S.D.N.Y May 27, 2022) (confirming labor arbitral award under FAA because the petition was uncontested and there is no genuine dispute as to any material fact); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Mint Maint. LLC*, 2025 WL 2084367, at *2–3 (S.D.N.Y. July 24, 2025) (confirming labor arbitral award for the same reasons).

In particular, the collective bargaining agreement provides with respect to arbitration:

26. (A) All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto. Any questions regarding arbitrability, substantive, procedural, or otherwise, or regarding the Impartial Chairperson's jurisdiction or authority, shall be submitted to the Impartial Chairperson in accordance with this Article.

(B) In the event of a willful default by either party in appearing before the Impartial Chairperson, after due written notice shall have been given to the said party, the Impartial Chairperson is hereby authorized to render a decision upon the testimony of the party appearing.

Petition ¶ 8. The dispute falls within the scope of the arbitration clause.

## II.    Attorney's Fees and Costs

In addition to the fees included in the Award, Petitioner makes a separate request for attorneys' fees and costs incurred in connection with this action. Courts have awarded recovery of attorney's fees through their inherent equitable powers when a party refuses to abide by an arbitrator's decision without justification. *See Trs. of N.Y.C. Dist. Council of Carpenters*

*Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) ("Courts 'have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'") (quoting *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013); *see also Drywall Tapers & Painters of Greater New York Loc. Union 1974 v. Greenbuild LLC*, 2025 WL 2773819, at *3 (S.D.N.Y. Sept. 26, 2025); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2025 WL 2084367, at *3; *Abondolo v. H. & M.S. Meat Corp.*, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases). Given that Respondent has not abided by the Award and has failed to participate in this action, the Court finds that an award of reasonable attorneys' fees and costs is appropriate.

Within fourteen days of this Memorandum and Order, Petitioner shall file and serve on Respondent an application for fees and costs incurred in this action, including timesheets showing time worked, tasks performed, hourly billing rate and background information about the attorneys who worked on the case. Respondent shall have 14 days to respond. Reasonable attorneys' fees will be granted based on such application. *See Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. Sahara Costr. Corp.*, 2020 WL 6130673, at *3 (S.D.N.Y. Oct. 16, 2020) (holding that petitioners are entitled to recover fees but declining to award them until petitioners have "documented their requested fees and costs to allow an assessment of whether they are reasonable").

### III.  Interest

Petitioner also requests pre- and post-judgment interest. "It is in the discretion of the trial court whether to award pre-judgment interest in an action to confirm an arbitration award, but there is a general 'presumption in favor of prejudgment interest.'" *1199/SEIU United*

*Healthcare Workers E. v. S. Bronx Mental Health Council Inc,* 2014 WL 840965, at *8 (S.D.N.Y. Mar. 4, 2014) (quoting *Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd*, 737 F.2d 150, 154 (2d Cir. 1984)).  And courts in this district have found that "pre-judgment interest is appropriate in an action to confirm an LMRA award when the relevant agreement indicates that the award is 'final and binding.'"  *New York City Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012).  Here, the IWA provides the IC's decision on the disputes arising between parties "shall be final and binding."  Petition ¶ 8.  Therefore, pre-judgment interest at the New York statutory rate of nine percent per annum shall be awarded from the time of the award to the date of the judgment confirming the award. *1199SIEU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, 2022 WL 1080707, at *5 (S.D.N.Y. Apr. 11, 2022) (citing *Gen-Cap Indus.*, 2012 WL 2958265, at *4).  Post-judgment interest is also warranted from the date of the entry of the judgment at the statutorily prescribed rate.  "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *Barton v. Zhang*, 2024 WL 3228445, at *5 (S.D.N.Y. June 27, 2024) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).

## CONCLUSION

For the reasons stated above, the Petition is GRANTED and the Award is CONFIRMED.  The Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent as follows:

(i) Key Hotels shall post a bond in the amount of $355,367.10 with the Office of the Impartial Chairperson;

(ii) Key Hotels shall pay $10,981.10 to Hotel employees,

(iii) Key Hotels shall pay $497,927.09 to the HTC-HANYC Employee Benefits Funds;

(iv) Key Hotels shall pay the Union pre-judgment interest from May 21, 2025 to the

      date of judgment at a rate of 9.0% per annum; and

(v)    Key Hotels shall pay the Union post-judgment interest at a rate of 9.0% per annum.

By November 24, 2025, Petitioner shall file and serve an application for attorneys' fees and costs, including timesheets and other documents supporting the motion.

    SO ORDERED.

Dated: November 10, 2025  
      New York, New York

                                               LEWIS J. LIMAN  
                                            United States District Judge