UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

:

HOTEL AND GAMING TRADES COUNCIL, AFL-CIO :

:

Petitioner,    :

:

-v-               :

:

KEY HOTELS, LLC,      :

:

Respondent.   :

:

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/17/2026

25-cv-4983 (LJL)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

By memorandum and order of November 10, 2025, the Court confirmed the arbitration award in favor of Petitioner and awarded Petitioner reasonable attorneys' fees. Dkt. No. 14. The Court directed Petitioner to file and serve on Respondent an application for fees and costs. Dkt. No. 14 at 7. Petitioner has done so. Dkt. No. 16. Respondent was given until December 10, 2025 to respond but did not do so. Dkt. No. 17. Petitioner seeks attorneys' fees of $6,972.00 for 22.2 hours of professional services at a rate of $300 an hour for the time of a 2022 law graduate, Annalise Leonelli ("Leonelli"), and $495 an hour for a partner who is a 1994 law graduate, Joseph Farelli ("Farelli"). Dkt. Nos. 16, 16-1. Petitioner also seeks $405 in costs. *Id.*

"Courts ' . . . routinely award[ ] attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'" *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) (alteration accepted) (quoting *Trs. of the N.Y.C Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013)). To calculate reasonable attorneys' fees, "district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly

rate." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). A reasonable hourly rate is a rate that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "[T]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 F. App'x 355, 359 (2d Cir. 2021) (summary order) (quoting *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019)). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)).

Petitioner requests a rate of $300 per hour for the time expended by Leonelli with respect to this matter. Dkt. No. 16 ¶ 8. As of 2023, this Court found that a rate of $225 an hour for junior associate attorneys working on a petition to confirm an arbitral award was reasonable. *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. 809 Sols. LLC*, 2023 WL 2787454, at *4–5 (S.D.N.Y. Apr. 5, 2023). Courts in this District have awarded associates performing similar work hourly rates of $225 to $265 per hour. *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Architectural Metal Concept LLC*, 2022 WL 14119808, at *6 (S.D.N.Y. Oct. 22, 2022) (collecting cases and setting associate's rate at $225 per hour); *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Genrus Corp.*, 2022 WL 3536134, at *5 (S.D.N.Y. Aug. 18, 2022) (same); *Winklevoss Cap. Fund, LLC v. Shrem*, 360 F. Supp. 3d 251, 251 (S.D.N.Y. 2019) (setting hourly rate of $265 for junior associate in simple

commercial dispute); *cf. Major League Baseball Props., Inc. v. Corporacion de Television y Microonda Rafa, S.A.*, 2021 WL 56904, at *4 (S.D.N.Y. Jan. 7, 2021) (setting an hourly rate of $300 for an associate with over nine years of experience in connection with a petition to confirm an arbitral award).  Accounting for inflation, the Court reduces the hourly rate of Leonelli to $275 per hour.

Petitioner seeks a rate of $495 per hour for partner Farelli who has thirty years of experience in the practice of labor and employment law.  Dkt. No. 16 ¶ 9.  Courts have regularly awarded partners an hourly rate of $500 or higher in cases seeking confirmation of an arbitral award.  *Major League Baseball Properties, Inc.*, 2021 WL 56904, at *4 (reducing the requested hourly rate of $1,083.75 to $650 for a founding partner and of $845.75 to $500 for a partner in connection with a petition to confirm an arbitration award); *Access Bio, Inc. v. Div. 5 Labs, Inc.*, 2024 WL 3084990, at *2 (S.D.N.Y. June 20, 2024) (finding that "fees awarded in cases seeking confirmation of an arbitral award have been reduced to between $500 and $750 an hour for partners" and reducing partner's hourly rate from $1,050 to $800); *see also Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 2020 WL 5731953, at *2 (S.D.N.Y. Sept. 24, 2020) (setting hourly rates of $335 to $525 for three partners in breach of contract suit); *Precise Leads, Inc. v. Nat'l Brokers of Am., Inc.*, 2020 WL 736918, at *7 (S.D.N.Y. Jan. 21, 2020) (awarding partner rate of $512.50 in breach of contract action and noting that "other courts in this district awarding attorneys' fees in straightforward breach of contract actions have found partner rates in the range of $375 to $650 to be reasonable").  The Court finds that Farelli's hourly rate of $495 is reasonable.

The next step is to determine the reasonableness of the hours expended by counsel.  In determining the number of hours reasonably expended, a court must consider both the

"contemporaneous time records . . . [that] specify, for each attorney, the date, hours expended, and nature of the work done," *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), as well as "its own familiarity with the case and its experience with the case and its experience generally as well as . . . the evidentiary submissions and arguments of the parties," *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (quotation marks omitted).

The 22.2 hours to prosecute this case is excessive. It includes 10 associate hours to prepare the petition to confirm the arbitration award and 7.6 hours to research and prepare a letter asking the Court to treat the unopposed petition to confirm as a motion for summary judgment and to draft an accompanying proposed judgment. In similar cases, it has taken fewer than four hours of counsel time to prepare a petition to confirm a labor arbitration award. *See Genrus Corp.*, 2022 WL 3536134, at *4 (finding that 3.3 hours of work, 0.7 of which were billed by associate and 2.6 of which were billed by a legal assistant, reasonable for unopposed petition to confirm arbitration); *Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Land Cruising Properties Inc.*, 2022 WL 1125623, at *6 (S.D.N.Y. Apr. 15, 2022) (determining that 3.3 hours of work completed by a partner and a senior associate was reasonable). Recognizing that this case is somewhat more complicated than others, it should not have taken more than 10 hours to prepare the petition and the letter asking for the petition to be treated as a motion for summary judgment. Accordingly, the Court will reduce the number of associate hours by 7.6, resulting in a total of 13 hours for Leonelli and 1.6 hours for Farelli. *See* Dkt. No. 16-1.

Applying the reasonable hourly rates for Leonelli and Farelli to the reduced hours worked, the total attorneys' fees are $4,367, the sum of $3,575 for Leonelli's 13 hours of work and $792 for Farelli's 1.6 hours of work.

4

Petitioner also seeks $405.00 in costs for the filing fee in this case.  Dkt. No. 16 ¶ 12.

"[A]n attorney can recover 'those reasonable out-of-pocket expenses incurred . . . and ordinarily

charged to their clients.'"  *Paulino v. S & P Mini Market Corp.*, 790 F. Supp. 3d 319, 333

(S.D.N.Y. 2025) (quoting *Leblanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

Petitioner's counsel's request for expenses is supported by the receipt for the filing fee.  Dkt. No.

16-3.  The expenses sought by counsel are reasonable.

The Clerk of Court is respectfully directed to enter judgment for Petitioner in the amount

of $4,367 in attorneys' fees and $405 in expenses, and to close this case.

SO ORDERED.

Dated: March 17, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge